

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 19, 2025

Joshua Sabert Lowther, Esq.
Lowther Walker LLC
101 Marietta Street, NW, Suite 3325
Atlanta, GA 30303

     Re:    <u>United States v. Raju Sharma</u>
               Criminal No. 25-cr-10191

Dear Attorney Lowther:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Raju Sharma ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    Defendant will waive Indictment and plead guilty to count 1 of the Information: conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

    The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 1512 based on the conduct associated with the crimes charged in this case that is known to the U.S. Attorney at this time.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: incarceration for ten years; supervised release for three years; a fine of $250,000 or twice the gross pecuniary gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 39:

a) Defendant's base offense level is 6 because the offense has a statutory maximum term of imprisonment of less than 20 years (USSG § 2B1.1(a)(2));

b) Defendant's offense level is increased by 22 because the loss was more than $25,000,000 and less than $65,000,000 (USSG § 2B1.1(b)(1)(L));

c) Defendant's offense level is increased by 4 because Defendant's offense is a Federal health care offense involving a Government health care program and the loss was more than $20,000,000 (USSG § 2B1.1(b)(7)(B)(iii));

d) Defendant's offense level is increased by 2 because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C));

e) Defendant's offense level is increased by 3 because the Defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive (USSG § 3B1.1(b)); and

f) Defendant's offense level is increased by 2 because the Defendant willfully obstructed or attempted to obstruct the administration of justice (USSG § 3C1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration of 120 months imprisonment;

   b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 36 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e) restitution of $15,836,820.40; and

   f) forfeiture as set forth in Paragraph 6.

Based on the factors set forth in 18 U.S.C. § 3553(a), Defendant is free to recommend whatever sentence he deems appropriate as to incarceration, fine, and supervised release. Defendant agrees with the U.S. Attorney's recommendation of the mandatory special assessment, restitution, and forfeiture.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.  <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders

related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $4,451,463.30, to be entered in the form of an Order of Forfeiture (Money Judgment), representing the gross proceeds derived from Defendant's offense of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; and

b. The following directly forfeitable assets, which constitute or were derived from gross proceeds traceable to Defendant's offense of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349:

   1) $35,010.15 seized on or about June 12, 2024, from Bank of America bank account ending 7921 held in the name of Raju Sharma and another;

   2) $973.88 seized on or about June 12, 2024, from Bank of America bank account ending in 7297 held in the name of RR Medco LLC;

   3) $215,468.44 seized on or about June 12, 2024, from Bank of America bank account ending in 0876 held in the name of Raju Sharma and another;

   4) $2,436 in United States currency seized from 5 Saw Mill Pond Rd., Sharon, MA, on or about February 20, 2025;

5) A white 2022 Mercedes-Benz Model S with vehicle identification number W1K6G7GB7NA159966;

6) A red 2022 Ferrari Spider with vehicle identification number ZFF93LMA6N0275822;

7) A purple 2024 Ferrari Roma with vehicle identification number ZFF98RNA0R0301534;

8) A Rolex Submariner Date, 41 mm watch, with serial number 297,457;

9) A Rolex Datejust, 36 mm watch, with serial number 297,283;

10) A Rolex GMT-Master II, 40 mm watch, with serial number 298,463;

11) A Patek Philippe 5147G-001 watch, with serial number 273,961;

12) The real property located at 5 Saw Mill Pond Rd., Sharon, MA.

Defendant admits that $4,451,463.30 is subject to forfeiture on the grounds that it is equal to the amount of gross proceeds Defendant derived from the offenses.

Defendant also admits that the assets listed as items b.1)-12) above are subject to forfeiture on the grounds that they constitute or are derived from, directly or indirectly, the gross proceeds of Defendant's offense. With regard to the real property listed as item b.12) above, Defendant admits that at least $231,000 in gross proceeds of Defendant's offense was paid toward that real property. Defendant acknowledges and agrees that the government is entitled to forfeit any and all appreciation in the value of the assets subject to direct forfeiture as such appreciations is derived from the assets subject to forfeiture. The United States agrees to credit against the forfeiture money judgment the net sale proceeds derived from the forfeiture of the specific assets listed as items b.1)-12) above, after the final order of forfeiture is entered and disposal consistent with 21 U.S.C. § 853(h) and other applicable laws and regulations.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets, including but not limited to, any "clean portion" of the real property located at 5 Saw Mill Pond Rd., Sharon, MA to which Defendant has an interest and any seized jewelry in which Defendant has an interest.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-

of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to consent to a motion for interlocutory sale of the vehicles listed as items b.5)-7) above, in the event the government seeks an interlocutory sale order for any or all of the vehicles. Defendant agrees to consent to entry of a restraining order on the real property listed as item b.12) above, in the event the government moves for a restraining order.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

      7.      <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

b) Ordinary living expenses, so long as such assets do not exceed $7,000 per month; and

c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remain in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court.

8.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.  Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Lauren A. Graber.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: *[signature]*

KELLY BEGG LAWRENCE
Chief, Health Care Fraud Unit
MACKENZIE A. QUEENIN
Deputy Chief, Health Care Fraud Unit

*[signature]*

LAUREN A. GRABER
SARAH B. HOEFLE
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

*s/ Raju Sharma by Joshua Sabert Lowther, Esq.*
Raju Sharma   with express permission granted on
Defendant     May 20, 2025, at 1:10 p.m. EDT.

Date: May 20, 2025

I certify that Raju Sharma has read this Agreement and that we have discussed what it means. I believe Raju Sharma understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

*s/ Joshua Sabert Lowther*
Joshua Sabert Lowther, Esq.
Attorney for Defendant

Date: May 20, 2025